UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MUNIR AHMED,

      Petitioner,

v.                                            20-CV-395 (JLS)

WILLIAM P. BARR, CHAD F. WOLF,
LEE BOWES, MICHAEL T. PHILLIPS,

      Respondents.

---

## DECISION AND ORDER

Petitioner Munir Ahmed, a citizen of Pakistan, commenced this habeas corpus proceeding under 28 U.S.C. § 2241 on April 4, 2020. Dkt. 1. Ahmed also filed a motion for a temporary restraining order ("TRO"). Dkts. 1, 6. In these filings, Ahmed seeks an order from this Court staying his removal until the Board of Immigration Appeals ("BIA") resolves his pending motions to reopen and for stay of removal. Dkt. 1, at 12.

For the following reasons, the petition is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

### I. Factual Background

Ahmed is a citizen of Pakistan who first entered the United States in April 2003 without inspection. Dkt. 1, at 3 ¶ 9. He traveled to Pakistan in 2011. Dkt. 1,

at 3 ¶ 9. Upon returning to the United States, Ahmed filed an affirmative application for asylum in 2012. Dkt. 1, at 4 ¶¶ 9-10.

Removal proceedings began on July 9, 2015. Dkt. 10, at 1. Ahmed sought relief from removal under Section 241(b)(3) of the Immigration and Nationality Act ("INA)"), 8 U.S.C. § 1231(b)(3), Section 208(a) of the INA, 8 U.S.C. § 1158(a), and the Convention against Torture. Dkt. 1, at 4, ¶ 10; Dkt. 10, at 2.

On November 28, 2016, the immigration judge ("IJ") denied Ahmed's relief, based on an adverse credibility finding, and ordered him removed. Dkt. 1, at 4 ¶ 11; Dkt. 10 (Exh. A). Ahmed filed a timely appeal to the BIA, which was dismissed on August 18, 2017. Dkt. 1, at 4 ¶ 11. Ahmed filed a Petition for Review with the Second Circuit, which was dismissed on July 24, 2019. Dkt. 1, at 4 ¶ 11. The Second Circuit held that the IJ did not err in the adverse credibility finding. Dkt. 10, at 2. Ahmed moved for a rehearing with the Second Circuit, which was denied on September 6, 2019. Dkt. 1, at 4 ¶ 11. DHS subsequently detained Ahmed on November 8, 2019; he has been in detention since that date. Dkt. 1, at 4 ¶ 11.

On January 2, 2020, Ahmed filed a motion to reopen his immigration removal proceedings with the BIA based on changed country conditions. Dkt. 1, at 4 ¶ 12. Ahmed also filed a motion for stay of removal with the BIA. Dkt. 1, at 4 ¶ 12. The basis of this motion to reopen is Ahmed's recent conversion from a Sunni Sect to a Shia Sect of Islam on October 20, 2019: Ahmed alleges threats to his family and that his conversion means he will be subject to death if he returns to Pakistan, where Shia Muslims are experiencing increased violence and persecution after the

U.S. troop withdrawals from Afghanistan. Dkt. 1, at 5-6 ¶¶ 16-24. These motions remain pending before the BIA. Dkt. 10, at 4.

## II. Procedural History

Ahmed filed the instant petition on April 2, 2020, as well as a motion for a temporary restraining order. Dkts. 1, 6. Ahmed's petition does not purport to challenge his detention; instead, Ahmed asks this court to bar his removal pending the BIA's adjudication of his motion to reopen based on changed country conditions. Dkt. 1, at 6-7 ¶ 26.

Following confirmation from Respondents (hereinafter "the Government") that Ahmed's removal was not imminent, this Court ordered an accelerated briefing schedule on Ahmed's motion for a TRO. Dkt. 8. The Government filed an answer in opposition to the motion for a TRO and moved to dismiss on April 14, 2020. Dkt. 9. In light of the Government's response, this Court decided to consider the motion for a TRO and motion to dismiss simultaneously. Dkt. 11. Ahmed responded to the Government's answer and motion on May 8, 2020. Dkt. 12.

## DISCUSSION

### I. Jurisdiction

As a threshold matter, this Court must determine whether it has jurisdiction over this action. The Government argues for dismissal on the basis that 8 U.S.C. § 1252(a)(5) and 8 U.S.C. § 1252(g) strip this court of jurisdiction to stay Ahmed's removal. Dkt. 10, at 1. Ahmed disagrees and argues that this interpretation of 8

U.S.C. § 1252(a)(5) and 8 U.S.C. § 1252(g) would violate the Suspension Clause of the U.S. Constitution, Art. I, § 9, cl. 2.  Dkt. 1, at 7 ¶ 28.

The REAL ID Act of 2005 mandates that judicial review of all administratively final orders of removal take place exclusively in the courts of appeals: "[n]otwithstanding any other provision of the law (statutory or nonstatutory)…a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5).  This provision "clearly preclude[s] [a] district court's entertaining of a direct challenge to a removal order." *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011).  In *Delgado*, the Second Circuit held that prohibition "applies equally to preclude…an indirect challenge" to a removal order.  *Id.* Whether a suit against immigration authorities is a challenge to a removal order will "turn on the substance of relief that a plaintiff is seeking." *Id.*  (holding, in mandamus action to compel an adjudication on the merits of her I-212 application, that the relief the petitioner sought was an indirect challenge to an order of removal).

Also relevant to this court's habeas jurisdiction is 8 U.S.C. § 1252(g), which provides that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including any ... habeas corpus provision…no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the

4

decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien."

This Court concludes, along with numerous courts in this circuit and others, that the plain meaning of Section 1252 deprives federal district courts of jurisdiction over requests to stay orders of removal. *See Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) ("[T]hese provisions of § 1252 operate to strip district courts of jurisdiction to stay an order of removal, as well."); *Al-Garidi v. Holder*, No. 09-CV-6160L, 2009 1439216, at *1 (W.D.N.Y. May 15, 2009) ("This Court and other district courts throughout the country have routinely held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal.") (collecting cases); *Ashqar v. Hott*, No. 1:19-cv-716, 2019 WL 2712276, at *4 (E.D. Va. June 5, 2019) (finding that § 1252(g) barred jurisdiction because petitioner's TRO motion to stay removal pending adjudication of his motion to reopen sought review of the execution of a removal order). *But see You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 458 n.5, 460 (S.D.N.Y. 2018) (granting petitioner a stay of removal and rejecting various arguments that Section 1252 strips the court of jurisdiction in light of *Jennings* and its rejection of "broad readings" of the statute's jurisdiction-stripping provisions).

Courts have reached this conclusion in cases addressing petitions in circumstances almost identical to those of petitioner—requesting a stay of removal pending the BIA's decision on petitioner's motion to reopen. *See Barros Anguisaca v. Decker*, 393 F. Supp. 3d 344, 349-50 (S.D.N.Y. 2019) (where the district court's

stay would effectively compel adjudication of petitioner's motion to reopen, 8 U.S.C. § 1252 deprived the court of jurisdiction to adjudicate petitioner's petition request for a stay of removal); *Vidhja v. Whitaker*, No. 19 Civ. 613 (PGG), 2019 WL 1090369, at *3 (S.D.N.Y. Mar. 6, 2019) (pursuant to Section 1252(a)(5), the court lacked jurisdiction to grant petitioner a stay of removal pending resolution of his motion to reopen). If resolved in Ahmed's favor, the motion to reopen would result in the vacatur of his underlying order of removal. *See Andoh v. Barr*, 19 Civ. 8016 (PAE), 2019 WL 4511623, at *4 (S.D.N.Y. Sept. 18, 2019) ("As in *Delgado*, the underlying action through whose completion petitioner seeks a stay of removal challenges the underlying order of removal.") Thus, Ahmed's request for a stay of the removal order is an indirect challenge to his removal order, and Section 1252 strips the court of jurisdiction to hear the motion. *Id.*

## II.   Suspension Clause

The conclusion that Section 1252 strips federal courts of jurisdiction does not end the analysis. Ahmed asserts an additional, constitutional claim: specifically, if 8 U.S.C. § 1252(g) is interpreted to remove jurisdiction over this type of habeas petition, then the statute results in an unconstitutional suspension of the writ of habeas corpus. Dkt. 1, at 7 ¶ 28. The Government maintains that the Suspension Clause is not implicated where a petitioner seeks injunctive relief and, alternatively, even if the Suspension Clause applies, Ahmed has adequate and effective substitute procedures to habeas relief. Dkt. 10, at 7.

The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless in cases of rebellion or invasion the public safety may require it." U.S. Const. art. I, § 9, cl. 2. However, Ahmed's case does not implicate the Suspension Clause. Like the petitioner in *Ashqar*, Ahmed is not seeking habeas relief under § 2241: he seeks only a stay of the removal order while he seeks relief in proceedings before the BIA. 2019 WL 2712276, at *5. Thus, the Suspension Clause is not implicated where a petitioner like Ahmed is not seeking release from custody, but rather seeks only to prevent his removal from the United States. *Id.*

Furthermore, even if the Suspension Clause is implicated, adequate substitutes for habeas corpus relief exist. Ahmed does not dispute that there are alternative avenues for the relief he seeks—Ahmed admits that he could get a stay of removal from the BIA and that, theoretically, he would be able to litigate his motion to reopen before the BIA even after his removal to Pakistan. Dkt. 1, at 7-8 ¶¶ 30-31. However, Ahmed maintains that these options do not constitute "adequate substitute procedures" for habeas corpus without a stay *pendente lite*. Dkt. 1, at 7-8 ¶¶ 28-31.

This Court disagrees. Ahmed has moved to reopen his removal proceedings and requested a stay of removal with the BIA. If the BIA denies this motion, Ahmed may challenge the BIA's decision in the Second Circuit. While this Court is aware there is a risk of Ahmed's removal pending exhaustion of administrative processes before the BIA, this possibility does not violate the Constitution's

Suspension Clause.  *See Barros Anguisaca*, 393 F. Supp. 3d at 351; *see also Ashqar*, 2019 WL 2712276, at *5 (citing the petitioner's ability to pursue an appeal of the immigration court's denial of his motion to reopen from abroad to conclude the substitute remedies Congress provides do not violate the Suspension Clause) (collecting cases).  *But see Diaz-Amezcua v. Barr*, 402 F. Supp. 3d 963, 966-68 (W.D. Wash. 2019) (concluding that the plain meaning of 8 U.S.C. § 1252 deprives the court of jurisdiction to stay the petitioner's removal pending resolution of his motion to open, but that the court had jurisdiction in this case because Section 1252(g) as applied to this petitioner violated the Suspension Clause).

To the extent Ahmed's claims challenge his order of removal, he may pursue relief in the Second Circuit.  And if Ahmed seeks to challenge *his detention* on constitutional grounds, he can file a habeas petition doing so.  But in the instant case, this Court, pursuant to Section 1252, lacks jurisdiction to grant Ahmed a stay of removal in this context.

## **CONCLUSION**

For the reasons stated above, the Court dismisses this action for lack of jurisdiction and directs the Clerk of Court to close this case. The TRO motion is dismissed as moot.

SO ORDERED.

Dated:  May 12, 2020
        Buffalo, New York

                                        s/ John L. Sinatra, Jr.
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE